**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                        609-858-9360
**United States Bankruptcy Judge**                                            609-989-2259 Fax

March 26, 2014

Brian T. Crawley, Esq.
Matthew J. Burne, Esq.
McDonnell Crowley, LLC
115 Maple Avenue
Red Bank, NJ 07701
Co-Counsel to John McDonnell, Chapter 7 Trustee

William A. Ward, Esq.
1520 Route 37 East
Suite 4
Toms River, NJ 08753
Counsel to Ira Blaine and Marilynn Walker-Blaine, Debtors

      Re: <u>John M. McDonnell, Chapter 7 Trustee v. Ira Blaine</u>
        Adv. Pro. No. 13-01255 (MBK)

Counselors:

  This matter is before the Court upon the adversary complaint ("Complaint") of John McDonnell, Chapter 7 Trustee ("Trustee"), which seeks to revoke the discharge of the Debtor, Ira Blaine ("Debtor"), pursuant to 11 U.S.C. § 727(d)(1)-(2), for failure to disclose a judgment award granted in the Debtor's favor. The Court conducted trial on February 19, 2014, and has accepted into evidence various exhibits, as well as the Debtor's testimony.

  **I.**  **Jurisdiction**

  The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(J). Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Fed. R. Bank. R. 7052, the Court issues the following findings of fact and conclusions of law.[1]

### II. Background

#### A.  Bankruptcy Court Proceedings

On May 2, 2011, the Debtor and his wife, Marilynn Walker-Blain (collectively, the "Debtors"), filed for relief under Chapter 13 of the Bankruptcy Code.  On July 26, 2011, an Order was entered converting the case to a Chapter 7.  The Trustee was appointed in this action on September 28, 2011, and the first meeting of creditors was held on November 7, 2011, pursuant to 11 U.S.C. § 341(a).  The Debtors received a discharge on June 15, 2012.

#### B.  State Court Action

Prior to the Debtor's bankruptcy filing, on December 10, 2010, the Debtor was sentenced by New Jersey Superior Court Judge Stephanie M. Wauters to 270 days in jail.  The Debtor had pleaded guilty to third degree charges of theft and forgery stemming from a construction project involving Linda Feeney-Sparrow's Brick, New Jersey residence.  The Debtor was also ordered to pay, and did pay, $22,370 in restitution to Linda Feeney-Sparrow, for the money the Debtor had used for personal expenses instead of completing construction of Ms. Feeney-Sparrow's home.  The Debtor filed an appeal of his sentence and restitution award, which resulted in an Order reducing the restitution award by $2,500.  Thereafter, post-petition, the Debtor filed a lawsuit in the Superior Court of New Jersey, Law Division, Special Part, Ocean County (Docket No. DC193-13), captioned as <u>Ira Blaine v. Linda Feeney-Sparrow</u> ("State Court Action").  The State Court Action was filed by the Debtor on December 21, 2012 in order to recover the $2,500 overpayment to Linda Feeney-Sparrow, as a result of the Order reducing the previously imposed restitution obligation.

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

2

Neither the State Court Action, nor the $2,500 owed to the Debtor was disclosed in the Debtor's bankruptcy petition, schedules, statement of financial affairs or any later document related to the bankruptcy. The Trustee was first made aware of the State Court Action by Linda Feeney-Sparrow on January 22, 2013. On February 12, 2013, at a hearing before Superior Court Judge Steven F. Nemeth in Ocean County, Linda Feeney-Sparrow informed the court of the Debtor's bankruptcy filing and asserted that any interest held by the Debtor in the State Court Action was property of the bankruptcy estate. Upon learning of the Debtor's bankruptcy filing, the state court adjourned the February 12, 2013 hearing.

Thereafter, the Trustee notified the state court that the Debtor's demand was property of the bankruptcy estate. The Trustee appeared at a hearing before Judge Nemeth on February 28, 2013, at which time the Debtor offered to step aside so that the Trustee could pursue the claim. Judge Nemeth issued an Order on March 1, 2013, dismissing the State Court Action without prejudice as to the Debtor's complaint, and with prejudice as to a counterclaim filed by Linda Feeney-Sparrow.

### III. Discussion

This dispute presents the issue of whether a debtor's reliance on the advice of his attorney can provide a valid defense to a proceeding for revocation of a debtor's discharge under 11 U.S.C. §727(d)(1)-(2). Revocation of discharge is an extraordinary remedy which is available only in limited circumstances. Nese v. Lokay (In re Lokay), 269 B.R. 132, 138 (Bankr. W.D. Pa. 2001); In re Jordan, 521 F.3d 430, 433 (4th Cir. 2008). The § 727(d) revocation provisions "must be construed liberally in favor of the debtor and against the party seeking revocation." Id. (citing In re Adeeb, 787 F.2d 1339, 1342 (9th Cir. 1986). The plaintiff has the burden of proving the objection to discharge by a preponderance of the evidence. See Fed. R. Bankr.P. 4005; In re Cohn, 54 F.3d 1108, 1114 (3d Cir. 1995). "Once the movant produces enough evidence to

sustain this burden, the burden then shifts to the defendant to explain his or her actions." In re Rodwell, 280 B.R. 100, 102 (Bankr. D.N.J. 2002). The plaintiff, however, always bears the ultimate burden of proving "the essential elements of an alleged objection to discharge." Adams v. Zembko (In re Zembko), 367 B.R. 253, 256 (Bankr. D. Conn. 2007) (quoting PaineWebber, Inc. v. Gollomp (In re Gollomp), 198 B.R. 433, 440 (S.D.N.Y. 1996)).

With the above-referenced standards in mind, the Court turns to the Trustee's first claim, that the Debtor's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(1), which states as follows:

> **(d)** On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –
>
> **(1)** such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

11 U.S.C. § 727(d)(1). With regard to the first element of § 727(d)(1), the Trustee "must prove that the debtor committed fraud in fact which would have barred the debtor's discharge had it been discovered before discharge was granted." Walsh v. Helsel (In re Helsel), 326 B.R. 591, 598 (Bankr. W.D. Pa. 2005) (citing Lawrence Nat'l Bank v. Edmonds (In re Edmonds), 924 F.2d 176, 180 (10th Cir. 1991)). "[B]ecause courts recognize that a debtor will be reluctant to admit that he was motivated by fraud, they have permitted fraudulent intent to be inferred from circumstantial evidence or a course of conduct." In re Spitko, 357 B.R. 272, 301 (Bankr. E.D. Pa. 2006); Neary v. Darby (In re Darby), 376 B.R. 534 (Bankr. E.D. Tex. 2007) ("[T]he existence of a fraudulent intent is most often betrayed by an examination of a course of conduct."). To determine whether the Debtor acted with actual fraudulent intent in transferring away or concealing a valuable asset prior to his voluntary bankruptcy filing, the court looks to the Debtor's conduct and circumstances.

4

The Trustee contends that the Debtor failed to disclose the $2,500 overpayment he was to recover from Linda Feeney-Sparrow, and that the $2,500 is property of the bankruptcy estate. The Trustee claims that the Debtor's failure to inform the Trustee of this asset constitutes the fraud required under 11 U.S.C. § 727(d)(1). To the contrary, the Debtor contends that this action was not fraud, as he relied upon the advice of his bankruptcy attorney who had informed him that he was free to proceed with the State Court Action, without notifying Trustee. At trial on the Trustee's Complaint, the Debtor testified that he had relied on advice given to him by his counsel, William A. Ward, Esq., in pursuing the State Court Action. The Debtor vehemently declared that he had believed he possessed the authority to bring the suit, and had no intention to conceal assets. Rather, the Debtor filed the State Court Action only to ensure that Linda Feeney-Sparrow would not "get away with it".

In this Court's view, reliance upon advice of counsel is a valid defense to fraud claims alleged against a debtor under 11 U.S.C. § 727(d)(1). In In re Georges, the Third Circuit Court of Appeals held that "the advice of counsel may provide an excuse for an inaccurate or false oath." 138 Fed. Appx. 471, 472 (3d Cir. 2005) (citing In re Topper, 229 F.2d 691, 693 (3d Cir. 1956)). Although Georges was a case decided under 11 U.S.C. § 727(a), this Court finds it to be persuasive authority in light of the facts in the case at bar. In this matter, the Debtor had informed his counsel of his intent to pursue the judgment against Linda Feeney-Sparrow to recover the refund owed to him. His attorney in that matter had advised him that he did not need to inform the Trustee about the money to be recovered. Additionally, when the Debtor realized that the money to be collected from Linda Feeney-Sparrow was part of the bankruptcy estate, he had his attorney inform the Trustee that he would step aside in the Trustee's favor to allow the Trustee to pursue the State Court Action.

Alternatively, the Trustee seeks to revoke the Debtor's discharge pursuant to 11 U.S.C. §

727(d)(2). Section 727(d)(2) provides that the court shall revoke a discharge if "the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee . . . ." Thus, the elements of the Trustee's claim may be divided into four parts: (1) that the debtor acquired or became entitled to acquire certain property; (2) the property in question was property of the bankruptcy estate (or would be upon its acquisition); (3) the debtor failed to report the acquisition of or entitlement to such property or to deliver or surrender such property to the Trustee; and (4) in so failing to report or deliver or surrender the property, the debtor acted knowingly and fraudulently. Grossman v. Foster (In re Foster), 343 B.R. 385, 393 (Bankr. D.Mass. 2006).

The first three elements of § 727(d)(2) are not in dispute, while the fourth element lies at the heart of the issue. The Trustee argues that the Debtor failed to surrender the property and therefore acted knowingly and fraudulently. However, again relying on the Third Circuit's approach in In re Georges, supra, this Court rules that the advice of counsel may be a defense as to whether or not the debtor knowingly and fraudulently withheld assets of the estate. It is clear to the Court, based on the testimony and submissions, that the Debtor was not knowingly and fraudulently withholding property to further his own financial interests. Rather, the Debtor's primary motivation in pursuing the State Court Action was a vindictive and morally corrupt goal of pursuing the victim who had pressed charges against him. While the Debtor's continued harassment of his victim may be reprehensible, the facts do not show that it was undertaken in an effort to conceal or retain assets from the Trustee. Indeed, the Debtor was willing to step aside in favor of the Trustee's interest, suggesting that the Debtor had no actual knowledge that the asset belonged to the estate until it was brought to his attention in the State Court Action.

**IV. Conclusion**

For the reasons set forth above, the Court rules that the Debtor's reliance on counsel is an affirmative defense under 11 U.S.C. § 727(d)(1) and (2) and that the Debtor is entitled to retain his discharge. Plaintiff's Complaint is **DENIED** in its entirety. The Debtor is directed to submit an order consistent with the Court's ruling.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: March 26, 2014